UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 12-115S |
| | : | |
| TODD McKINLEY | : | |

**MEMORANDUM AND ORDER**

On March 19, 2013, Defendant was convicted by a jury of felony assault on a federal employee, a Veterans Administration nurse. He has been on pretrial release since May 9, 2012. On July 8, 2013, a warrant was issued for Defendant to appear for a bail violation hearing. He appeared before the Court on July 23, 2013 after completing a thirty-day state criminal sentence, and he admitted to the bail violations. For a defendant pending sentencing, Section 3143(a), 18 U.S.C., mandates detention unless the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released."

Here, Defendant admitted to two bail violations. First, a urine sample taken from Defendant on June 10, 2013 tested positive for opiates. Second, Defendant was arrested and charged with simple assault-domestic arising out of an argument with his sister. Defendant pled nolo to the misdemeanor assault charge on July 9, 2013 and received a thirty-day jail sentence with eleven months suspended. State v. McKinley, 31-2013-05546.

Defendant commenced pretrial release in this case on May 9, 2012 and has had several bumps in the road prior to the violations recently admitted to. Defendant binged on drugs in late September 2012 and was admitted to the V.A. Hospital on October 2, 2012. Defendant was referred to and successfully participated in an intensive outpatient drug treatment program. Following

completion of that program, Defendant relapsed in late 2012. On December 27, 2012, Defendant was in a motor vehicle accident in Warwick and admitted to taking Vicodin earlier in the day. He refused to submit to a blood test. He was subsequently charged with driving under the influence and he pled nolo to that charge on July 9, 2013. State v. McKinley, 31-2013-00634.[1] After the DUI incident, Defendant entered a residential drug treatment program which he completed on April 19, 2013. However, after completing the program, he relapsed as evidenced by his June 10, 2013 positive drug test, and he was arrested for simple assault on June 20, 2013.

Defendant has a long history of drug abuse including a number of near-lethal overdoses. Although he has participated in good faith in numerous drug treatment programs over the years, he has a pattern of relapsing. He also has a pattern of violence during these periods of relapse. Defendant proposes to reside with his girlfriend while awaiting sentencing. While the girlfriend is supportive and willing to take Defendant into her home, she indicated that he would not be welcome if he was using drugs, and she acknowledged his history of relapse and violent behavior. Also, in 2010 and 2011, she was the victim of domestic violence at the hand of Defendant, and he has been the subject of no contact orders directed to her that Defendant has been charged with violating.

On balance, I cannot find by clear and convincing evidence, based on Defendant's history, the admitted bail violations and the requirements of 18 U.S.C. § 3143(a), that Defendant is not likely to pose a danger to the safety of any other person or the community if released pending sentencing. Thus, his detention pending sentencing is warranted. However, I want the record to be clear that this was a close call and that I gave significant consideration to releasing Defendant pending his sentencing date. Although Defendant's drug abuse and criminal history are troubling, he has

---

[1] In 2003, Defendant pled guilty to DUI/serious injury resulting and received a five-year deferred sentence. State v. McKinley, P2-2003-1464A.

otherwise been cooperative and respectful in dealing with Pretrial Services and Court personnel and has exhibited positive behavior during his periods of sobriety.[2] He is a disabled combat veteran of the U.S. Marines, and was awarded the Purple Heart for his service to his country. He suffers from a strong drug addiction and has been diagnosed with PTSD and depression. He has been close to his parents and has lived with them for a substantial portion of his life. He suffered the loss of his father to illness last year. In addition, his mother is currently ill and reportedly confined to a nursing home with dementia. Defendant's only other immediate relative is his estranged sister.

Although it is my understanding that Defendant faces a guideline range of thirty to thirty-seven months' incarceration, Defendant's counsel indicated that he intends to argue at sentencing that a non-jail sentence is warranted in this unique case. While it is not my role to comment on whether or not Defendant's conviction merits incarceration, I am concerned that Defendant's detention in advance of sentencing may undercut the strength of any argument he makes for a non-jail sentence, and I want to be clear that my decision to detain him pending sentencing was a close call and not at all intended to weigh in on the ultimate issue for sentencing of whether or not this is a "jail case."

SO ORDERED


   /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
July 26, 2013

---

[2] During the presentence investigation, Defendant's mother candidly reported that her son is "a generous person who engages in poor behavior only when he is using drugs."